UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
SYRACUSE-AUBURN DIVISION

| | | |
|---|---|---|
| DARCIE ALLEN | ) | Case No. 5:17-CV-144[MAD/ATB] |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| RIEHLMAN, SHAFER & SHAW, LLC | ) | **Jury Trial Demanded** |
| | ) | |
| Defendant. | ) | |

**NATURE OF ACTION**

1. Plaintiff Darcie Allen ("Plaintiff") brings this action against Defendant Riehlman, Shafer & Shaw, LLC ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

**JURISDICTION, VENUE, AND STANDING**

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

4. "In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to the status of legally cognizable injuries

concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992).

5. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. *See Id.* at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); *see also Church v. Accretive Health, Inc.*, No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

6. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is *not* a necessary condition." *Lane*, 2016 WL 3671467 at *4 (emphasis in original).

## THE FAIR DEBT COLLECTION PRACTICES ACT

7. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

8. "[T]he question of whether a communication complies with the FDCPA is determined from the perspective of the 'least sophisticated consumer.'" *Jacobson v.*

*Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)).

9. "The purpose of the least-sophisticated-consumer standard, here as in other areas of consumer law, is to ensure that the statute protects the gullible as well as the shrewd." *Id*.

10. "In order to prevail, it is not necessary for a plaintiff to show that she herself was confused by the communication she received; it is sufficient for a plaintiff to demonstrate that the least sophisticated consumer would be confused." *Id* at 91.

11. The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e. *See Hamilton v. United Healthcare of Louisiana, Inc*., 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed.").

12. In addition, the FDCPA limits "the ability of debt collectors to file debt collection actions in courts inconvenient to the debtor." *Blakemore v. Pekay*, 895 F. Supp. 972, 978 (N.D. Ill. 1995); *see also Dutton v. Wolhar*, 809 F. Supp. 1130, 1139 (D. Del. 1992) ("the purpose of § 1692i is to prevent debt collectors from bringing collection suits in forums located at great distances from debtors' residences.").

13. "The venue provision of the FDCPA was designed to limit "The FDCPA's venue provision demonstrates that Congress intended debt collection actions to be brought in a venue that is convenient to the debtor or at least a venue in which the debtor

can expect to be sued for failing to satisfy a debt." *Riddle & Associates, P.C. v. Morcos*, No. 2:06CV972, 2007 WL 2061054, at *5 (D. Utah July 12, 2007).

14. "The Federal Trade Commission opines that where the debtor's obligation is pursuant to an oral contract, the only proper forum in debt collection suits is the place of Plaintiff's residence at the commencement of the suit. *Martinez v. Albuquerque Collection Servs., Inc.*, 867 F. Supp. 1495, 1502 (D.N.M. 1994) (citing Federal Trade Commission, Statements of General Policy or Interpretation, Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed.Reg. 50097, 50100 (1988)).

## PARTIES

15. Plaintiff is a natural person who at all relevant times resided in the State of New York, County of Oswego, and City of Constantia.

16. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due a creditor other than Defendant.

17. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

18. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal consumer account with Northern Federal Credit Union (the "Debt").

19. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

20. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly

collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

21. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

22. Defendant's first communication with Plaintiff regarding the Debt was through a conversation with Plaintiff over the telephone on April 20, 2016.

23. Nineteen days later, Defendant sent Plaintiff a letter dated May 17, 2016 that purported to contain the statement required under the FDCPA at 15 U.S.C. § 1692g(a).

24. Shortly after receiving Defendant's May 17, 2016 letter, Plaintiff contacted and retained the Thompson Consumer Law Group ("TCLG") for the limited scope of bringing suit against Defendant for violations under the FDCPA.

25. In or around mid-June of 2016, Plaintiff's counsel sent Defendant a notice of representation along with a draft complaint alleging Defendant's FDCPA violations.

26. After Defendant engaged in settlement discussions with Plaintiff's counsel, the parties eventually resolved the matter around mid-July of 2016.

27. In or around August 3, 2016, Defendant contacted TCLG and asked whether it was representing Plaintiff with regards to any litigation on the Debt.

28. TCLG informed Defendant that it was not currently representing Plaintiff in relation to any litigation on the Debt.

29. In connection with the collection of the Debt, Defendant sent Plaintiff correspondence dated November 9, 2016.

30. A true and correct copy of Defendant's November 9, 2016 letter is attached to this complaint as Exhibit A.

31. On or about November 15, 2016, Plaintiff called Defendant and spoke with Defendant's counsel requesting further information regarding the Debt.

32. Defendant's counsel told Plaintiff that any information with regards to the Debt would be sent to TCLG.

33. Plaintiff informed Defendant's counsel that TCLG was no longer representing her.

34. Despite being informed on two separate occasions that TCLG was no longer representing Plaintiff—the first occasion on August 3, 2016—Defendant's counsel insisted that she would only respond to and send information regarding the Debt to TCLG.

35. About two weeks later, Defendant sent Plaintiff a verification letter dated December 2, 2016.

36. A true and correct copy of Defendant's December 2, 2016 letter is attached to this complaint as Exhibit B.

37. By stating that Defendant would only communicate with TCLG with regards to the Debt when it knew that TCLG was no longer representing Plaintiff, and then communicating with Plaintiff two weeks later, Defendant used false, deceptive, and misleading representations in connection with the collection of the Debt.

38. On December 14, 2016, Defendant, on behalf of Northern Federal Credit Union, filed suit against Plaintiff in Jefferson Supreme Court in Jefferson County, New York, case number 2016-2483.

39. Plaintiff did not reside in Jefferson County, New York at the time the lawsuit was filed.

40. Plaintiff did not sign any contract creating the Debt in Jefferson County, New York.

41. By taking legal action against Plaintiff in an improper judicial district, Defendant has used unfair and unconscionable means to collect the Debt.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e

42. Plaintiff repeats and re-alleges each factual allegation contained above.

43. A debt collector violates 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of any debt. *See* 15 U.S.C. § 1692e.

44. Defendant violated 15 U.S.C. § 1692e by informing Plaintiff that it would only communicate with TCLG regarding the Debt despite knowing that Plaintiff was no longer represented by TCLG.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692i(a)(2)

45. Plaintiff repeats and re-alleges each factual allegation contained above.

46. A debt collector violates 15 U.S.C. § 1692i(a)(2) by bringing a legal action in a judicial district other than the judicial district in which the consumer signed the contract sued upon or in which consumer resides at the commencement of the action. 15 U.S.C. § 1692i(a)(2).

47. Defendant violated 15 U.S.C. § 1692i(a)(2) by filing suit against Plaintiff in Jefferson County, New York – a judicial district other than where Plaintiff signed the contract sued upon or where Plaintiff resided at the time the suit was filed.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692i(a)(2);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

  f) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

  Plaintiff is entitled to and hereby demands a trial by jury.

Dated February 9, 2017.

           Respectfully submitted,

           <u>s/ Russell S. Thompson IV</u>
           Russell S. Thompson, IV
           Northern District Bar No. 518563
           Thompson Consumer Law Group, PLLC
           5235 E. Southern Ave., D106-618
           Mesa, AZ 85206
           602-388-8898
           866-317-2674 facsimile
           rthompson@consumerlawinfo.com